Argued December 6, 1977, affirmed Feburary 8, 1978

VAN ECK, *Appellant,*
*v.*
OREGON STATE EMPLOYES ASSOCIATION,
*Respondent.*
(TC 95518, SC 25202)
574 P2d 633

Harlan Bernstein, of Franklin, Bennett, Ofelt & Jolles, P.C., Portland, argued the cause and filed the briefs for appellant.

Thomas A. Sherwood, Portland, argued the cause for respondent. On the brief was Charlene Sherwood, Salem.

TONGUE, J.

**TONGUE, J.**

Plaintiff, a discharged employee of the defendant, filed a "complaint for specific performance" of a collective bargaining contract between defendant and the union representing its employees by granting plaintiff a hearing under the terms of that contract. The trial court, after a trial, dismissed plaintiff's complaint. We affirm.

Plaintiff's principal contentions on this appeal are that the trial court erred "in finding that the lawsuit was a suit for common law specific performance," rather than a proceeding for enforcement of a contract providing for arbitration under ORS 33.210 and 33.230[1] and "in finding that the grievances and appeal procedure of the parties did not fit the true definition of arbitration."

In deciding these questions, it is first to be noted that plaintiff's complaint was specifically designated as one for "specific performance" rather than as a "petition" under ORS 33.230, and that plaintiff did not, upon expiration of the statutory 10-day period, then proceed in the summary manner provided by that

---

[1] ORS 33.210 provides:

"All persons desiring to settle by arbitration any controversy, suit or quarrel, except such as respect the title to real estate or the terms or conditions of employment under collective contracts between employers and employes or between employers and associations of employes, may submit their differences to the award or umpirage of any person or persons mutually selected."

ORS 33.230 provides:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 33.220, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. Ten days' notice in writing of the application shall be served upon the party in default, in the manner provided by law for personal service of a summons. The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission. If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof. * * *."

statute by promptly requesting an "order directing that the arbitration proceed in the manner provided for in the contract," in accordance with the provisions of ORS 33.230. Instead, defendant filed an answer, with affirmative defenses, to which no reply was filed by plaintiff, and the case came on for trial many months later.

Wholly aside from these facts, however, it is clear that the contract which plaintiff seeks to enforce is not a contract for arbitration, so as to be enforceable under ORS 33.230. The contract provision upon which plaintiff relies provides as follows:

> "*ARTICLE XX - GRIEVANCES AND APPEAL PROCEDURE*
>
> "* * * * *
>
> "*Section 5.* In the event that an adverse personnel action is taken against an employe after he or she has completed a trial service period, he or she has the right of appeal to a three member Appeal Board. The Appeal Board will be composed of three members of the Association: (1) one member selected by the Association Board, (2) one member selected by the employe, (3) one member mutually agreed upon by the other two members.
>
> "*Section 6.* The Appeal Board will hear testimony of the parties concerned and will make a decision to affirm or rescind the action of the Executive Secretary. *This action of the Appeal Board shall be final and binding on the Association.*" (Emphasis added.)

■ It is elementary that an agreement by parties for the "arbitration" of a controversy necessarily involves an agreement to accept the decision of the arbitrator as final and binding *on both parties.* See Elkouri and Elkouri, How Arbitration Works 1-2 (2d ed 1960). This is also implicit in the terms of ORS 33.210, in providing that "[a]ll persons desiring to *settle* by arbitration any controversy" may "submit their differences to the award * * * of any person or persons mutually selected" and also by the terms of ORS 33.310 in providing for entry of a judgment based upon such an arbitration award.

■ The contract provision in this case does not provide for an award that is final and binding on *both* parties. Instead, it provides that the "action of the Appeal Board shall be final and binding *on the Association.*" Because the employee involved is not also bound by such "action," but is free to seek any other available remedy, it follows that this contract provision is not an agreement for arbitration within the terms of ORS 33.210.[2] It also follows that the trial court did not err in finding that this grievance and appeal procedure did not "fit" the "true definition of arbitration" and in refusing to consider plaintiff's complaint as a proceeding under ORS 33.230 to enforce an agreement for arbitration.[3]

Plaintiff also contends that the court erred "in deciding procedural issues of estoppel, laches and waiver [pleaded as affirmative defenses] as these issues should be decided by the arbitrator" and also "in finding that plaintiff had waited an unreasonable length of time before requesting a hearing and that Defendant materially changed its position in reliance."

In support of these contentions plaintiff cites cases holding that when a court is presented with a case involving a request for enforcement of an agreement to arbitrate, it cannot properly consider "procedural questions," including the question whether a grievance has been barrred by laches.[4]

---

[2]It should also be noted that no contention is made by defendant that ORS 33.210 does not apply to this case for the additional reason that this case comes within the exclusion provided by that section for controversies with respect to "the terms or conditions of employment under collective bargaining contracts."

[3]Plaintiff also assigns as error the failure of the trial court to "recognize" that a demurrer to plaintiff's complaint had been overruled by another judge "on the issue of plaintiff's compliance with ORS 33.210 through 33.240." We do not so construe the order overruling that demurrer, even if binding upon the trial court.

[4]In support of this proposition plaintiff cites *Operating Engineers v. Flair Builders,* 406 US 487 (1972) and *Zeller v. Board of Higher Education,* 91 LRRM 2854 (NY 1975), among other cases.

■ In this case, however, the sole basis upon which it is contended that this rule should apply is that this case is a proceeding to enforce an agreement to arbitrate. Because, as previously held, there was no agreement to arbitrate in this case, it follows that this contention must be rejected. It also follows that the trial court properly considered the defendant's affirmative defenses, including that of laches.

As previously noted, plaintiff did not demur to these affirmative defenses and filed no reply denying them, again relying upon the contention that this is a proceeding under ORS 33.220 to enforce an agreement to arbitrate, a contention which we have held to have no merit.

In addition, we find, upon examination of the record, among other things, that plaintiff was discharged on January 8, 1976; that he did not request "arbitration" of his discharge until April 16, 1976; and that this request was denied as not timely filed. Meanwhile, plaintiff also filed a claim on January 14, 1976, for unemployment compensation, as well as a claim for severance pay. According to defendant's witness, this was an indication that plaintiff desired to "totally sever himself from the organization" and did not intend to appeal his discharge. Also, in the meantime, defendant engaged another person to perform the duties previously performed by plaintiff.

■ Based upon this and other evidence in the record, the trial court found that "98 days is an unreasonable length of time for plaintiff to wait to request a hearing and that the defendant did change its position materially in reliance upon plaintiff's inaction." We agree.

The judgment of the trial court is affirmed.